Honorable Skip Priest State Representative, District 30 PO Box 40600 Olympia, WA 98504-0600
Dear Representative Priest:
By letter previously acknowledged, you have requested our opinion on the following paraphrased question:
 In what amount may a city levy a property tax for the provision of emergency medical services, if the city has territory in two different counties, one of which imposes a county-wide emergency medical services levy of thirty cents per thousand dollars of assessed valuation, but the other imposes no such levy?
 BRIEF ANSWER
We conclude that a city divided between two counties may impose an EMS levy of up to fifty cents per thousand dollars of assessed valuation throughout the city, without regard to any EMS levy imposed by a county in which some of the city's territory is located.
 BACKGROUND
The City of Milton is located partially in King County and partially in Pierce County. Milton's overlapping boundaries give rise to your question regarding the city's imposition of a property tax levy for the purpose of funding emergency medical services, when King County imposes its own levy for such services but Pierce County does not.[1]
[original page 2]
State law allows the voters of various political subdivisions, including cities and counties, to impose property tax levies for the purpose of paying for EMS services. RCW 84.52.069(2).[2] Such levies are limited to a maximum of fifty cents per thousand dollars of assessed valuation of property within the jurisdiction. RCW 84.52.069(2). King County has imposed such a levy, in the amount of thirty cents per thousand dollars of assessed valuation. As noted, Pierce County does not impose an EMS levy. The voters of Milton have authorized the city to impose the levy at its maximum rate of fifty cents per thousand dollars of assessed valuation. Through an interlocal agreement, King County remits to Milton the funds that it receives from its county levy from property located within Milton.
Milton has, however, collected only twenty cents per thousand dollars of assessed valuation pursuant to its city levy, and not the full fifty cents authorized by the city's voters. This is because the Department of Revenue has construed RCW 84.52.069(6) to require that Milton's levy be reduced to that amount, so that the combined levies of King County and Milton will not exceed fifty cents per thousand dollars of assessed valuation.
This means that property tax payers in the King County portion of Milton (like all other King County property tax payers) pay thirty cents per thousand dollars of assessed valuation to King County for EMS purposes; it also means that Milton's property tax payers all pay twenty cents per thousand dollars of assessed valuation to the City of Milton for EMS purposes. Because King County remits the proceeds of its EMS levy from property located in Milton to the City of Milton, the result is that Milton receives a total of fifty cents per thousand dollars of assessed valuation from the King County portion of the city, but only twenty cents per thousand dollars of assessed valuation from the Pierce County portion of the city. You ask whether this is the correct result under the law.
[original page 3] ANALYSIS
RCW 84.52.069 permits both counties and cities to impose property tax levies to pay for EMS services, up to a maximum of fifty cents per thousand dollars of assessed valuation. RCW 84.52.069(2). The legislature has addressed how this fifty-cent limit applies if both a county, and a city within that county, impose an EMS levy:
 If a county levies a tax under this section, no taxing district within the county may levy a tax under this section. If a regional fire protection service authority imposes a tax under this section, no other taxing district that is a participating fire protection jurisdiction in the regional fire protection service authority may levy a tax under this section. No other taxing district may levy a tax under this section if another taxing district has levied a tax under this section within its boundaries: PROVIDED, That if a county levies less than fifty cents per thousand dollars of the assessed value of property, then any other taxing district may levy a tax under this section equal to the difference between the rate of the levy by the county and fifty cents: PROVIDED FURTHER, That if a taxing district within a county levies this tax, and the voters of the county subsequently approve a levying of this tax, then the amount of the taxing district levy within the county shall be reduced, when the combined levies exceed fifty cents. Whenever a tax is levied countywide, the service shall, insofar as is feasible, be provided throughout the county: PROVIDED FURTHER, That no countywide levy proposal may be placed on the ballot without the approval of the legislative authority of each city exceeding fifty thousand population within the county: AND PROVIDED FURTHER, That this section and RCW 36.32.480 shall not prohibit any city or town from levying an annual excess levy to fund emergency medical services: AND PROVIDED, FURTHER, That if a county proposes to impose tax levies under this section, no other ballot proposition authorizing tax levies under this section by another taxing district in the county may be placed before the voters at the same election at which the county ballot proposition is placed: AND PROVIDED FURTHER, That any taxing district emergency medical service levy that is limited in duration and that is authorized subsequent to a county emergency medical service levy that is limited in duration, shall expire concurrently with the county emergency medical service levy.
RCW 84.52.069(6) (emphasis added).
The quoted statutory language clearly provides that if a county, and another jurisdiction within that county, impose EMS levies, the fifty-cent limit is cumulative. For example, if a county imposes an EMS levy at the rate of thirty cents per thousand dollars assessed valuation, then all cities within that county would be limited to levies of no more than twenty cents per thousand dollars assessed valuation. RCW 84.52.069(6). This would preclude any individual property tax payer from being required to pay more than fifty cents per thousand dollars of assessed valuation for EMS services. The Department of Revenue concluded that under the
[original page 4]
quoted provision, Milton's rate must be reduced from fifty cents to twenty cents, because of King County's thirty-cent levy. It further concluded that this reduction must apply throughout the city, including the portion of Milton located within Pierce County, so that Milton's levy would be "uniform" throughout the city. See Const. art. VII, § 1 ("All taxes shall be uniform upon the same class of property within the territorial limits of the authority levying the tax. . . .").
Your question arises, however, with regard to a city that is partially located within one county, and partially within another. Paragraph 6 of the statute addresses only the consequences for a "taxing district within" a county that also imposes an EMS levy. RCW 84.52.069(6) (emphasis added). If a city divided between two counties is "within the county" for purposes of this statutory paragraph, then it would be necessary to construe the paragraph to determine the answer to your question. If, however, such a city is not "within the county," then RCW 84.52.069(6) does not address your question.
We conclude that a city divided between two counties, with portions of its territory in each county, is not a "taxing district within the county" for purposes of RCW 84.52.069(6). We reach this conclusion because paragraph 6 of the statute, taken as a whole, addresses only the circumstance in which the city is located entirely within the county in question.
RCW 84.52.069(6) addresses the authority of other taxing districts "within the county" when the county imposes an EMS levy. "If a county levies a tax under this section, no taxing district within the county may levy a tax under this section." RCW 84.52.069(6) (emphasis added). The paragraph continues by explaining, several lines later, that "if a county levies less than fifty cents per thousand dollars of the assessed value of property, then any other taxing district
may levy a tax under this section equal to the difference between the rate of the levy by the county and fifty cents." RCW 84.52.069(6) (emphasis added). It also provides that "if a taxing district within a county levies this tax, and the voters of the county subsequently approve a levying of this tax, then the amount of the taxing district levy within the county shall be reduced, when the combined levies exceed fifty cents."[3]
RCW 84.52.069(6) (emphasis added). These provisions make sense only if the statute is understood as addressing the authority of cities and other taxing districts located entirely within the county.See Dep't of Ecology v. Campbell Gwinn L.L.C.,146 Wn.2d 1, 11, 43 P.3d 4 (2002) (the plain meaning of a statute is derived from construing the act as a whole, giving effect to all language used). The statute's instructions are perfectly clear when the city is encompassed entirely within the county, but are not easily applied when the city is only partially within the county. The statute clearly contemplates a relationship between a city's levy and the levy of only one county; it simply does not speak to the circumstance of a city located partially within two or more counties. The statute, for example, provides no instruction as to whether or how to adjust the EMS levy of a city divided between two counties when those counties impose their own EMS levies at different rates. As the facts underlying your question illustrate, the statute also does not speak to any adjustment in an EMS levy by a city divided between two counties when one of those counties imposes an EMS levy
[original page 5]
and the other does not. This indicates that the legislature did not frame RCW 84.52.069(6) to address the circumstance of cities that are divided between two counties.[4]
We reach this conclusion based upon our reading of the phrase "within the county" in the specific context of this statute. It should go without saying that the use of the same phrase in another statute, within a different statutory context, could lead to a different result. A number of statutes, other than RCW 84.52.069, use phrases such as "city within the county" or "cities within the county." Such other statutes should be construed in light of their own language taken as a whole.Campbell Gwinn, 146 Wn.2d at 11. It does not follow from our conclusion regarding RCW 84.52.069 that the same phrase should be construed the same way in other settings.
The legislature has granted authority to both counties and cities (and other taxing districts) to impose property tax levies "in an amount equal to fifty cents or less per thousand dollars of the assessed value of property in the taxing district." RCW 84.54.069(2). The only provision in the statute that requires a city to reduce its levy, based upon the fact that a county has also imposed an EMS levy, is RCW 84.52.069(6). That paragraph, however, applies only to cities "within the county." Because we conclude that paragraph (6) applies only to cities that are located entirely within the county, and does not apply to cities that are divided between two counties, its instruction to reduce a city's levy rate does not apply. Accordingly, the authority of a city that is divided between counties to impose an EMS levy of up to fifty cents per thousand dollars of assessed valuation is not restricted or modified by any other statutory provision. For that reason, we conclude, in response to your question, that a city divided between two counties may impose an EMS levy of up to fifty cents per thousand dollars of assessed valuation without regard to any levy imposed by either county.[5]
The Department of Revenue reached the conclusion that the city's levy must be reduced by assuming the application of RCW 84.52.069(6), and then by construing it in light of article VII, section 1 of the Washington Constitution. As noted, that constitutional provision requires
[original page 6]
that all property taxes be uniform as to all property within the territory of the jurisdiction levying the tax. Because we conclude that RCW 84.52.069(6) does not apply to cities that are divided between two counties, we need not consider the application of the constitutional provision.
We trust that the foregoing will be useful to you.
ROB MCKENNA Attorney General
JEFFREY T. EVEN Deputy Solicitor General
wros
[original first page of attachment]
RCW 84.52.069
Emergency medical care and service levies.
(1) As used in this section, "taxing district" means a county, emergency medical service district, city or town, public hospital district, urban emergency medical service district, regional fire protection service authority, or fire protection district.
(2) A taxing district may impose additional regular property tax levies in an amount equal to fifty cents or less per thousand dollars of the assessed value of property in the taxing district. The tax shall be imposed (a) each year for six consecutive years, (b) each year for ten consecutive years, or (c) permanently. A tax levy under this section must be specifically authorized by a majority of at least three-fifths of the registered voters thereof approving a proposition authorizing the levies submitted at a general or special election, at which election the number of persons voting "yes" on the proposition shall constitute three-fifths of a number equal to forty percent of the total number of voters voting in such taxing district at the last preceding general election when the number of registered voters voting on the proposition does not exceed forty percent of the total number of voters voting in such taxing district in the last preceding general election; or by a majority of at least three-fifths of the registered voters thereof voting on the proposition when the number of registered voters voting on the proposition exceeds forty percent of the total number of voters voting in such taxing district in the last preceding general election. Ballot propositions shall conform with RCW 29A.36.210. A taxing district shall not submit to the voters at the same election multiple propositions to impose a levy under this section.
(3) A taxing district imposing a permanent levy under this section shall provide for separate accounting of expenditures of the revenues generated by the levy. The taxing district shall maintain a statement of the accounting which shall be updated at least every two years and shall be available to the public upon request at no charge.
(4) A taxing district imposing a permanent levy under this section shall provide for a referendum procedure to apply to the ordinance or resolution imposing the tax. This referendum procedure shall specify that a referendum petition may be filed at any time with a filing officer, as identified in the ordinance or resolution. Within ten days, the filing officer shall confer with the petitioner concerning form and style of the petition, issue the petition an identification number, and secure an accurate, concise, and positive ballot title from the designated local official. The petitioner shall have thirty days in which to secure the signatures of not less than fifteen percent of the registered voters of the taxing district, as of the last general election, upon petition forms which contain the ballot title and the full text of the measure to be referred. The filing officer shall verify the sufficiency of the signatures on the petition and, if sufficient valid signatures are properly submitted, shall certify the referendum measure to the next election within the taxing district if one is to be held within one hundred eighty days from the date of filing of the referendum petition, or at a special election to be called for that purpose in accordance with RCW 29A.04.330.
The referendum procedure provided in this subsection shall be exclusive in all instances for any taxing district imposing the tax under this section and shall supersede the procedures provided under all other statutory or charter provisions for initiative or referendum which might otherwise apply.
[original second page of attachment]
(5) Any tax imposed under this section shall be used only for the provision of emergency medical care or emergency medical services, including related personnel costs, training for such personnel, and related equipment, supplies, vehicles and structures needed for the provision of emergency medical care or emergency medical services.
(6) If a county levies a tax under this section, no taxing district within the county may levy a tax under this section. If a regional fire protection service authority imposes a tax under this section, no other taxing district that is a participating fire protection jurisdiction in the regional fire protection service authority may levy a tax under this section. No other taxing district may levy a tax under this section if another taxing district has levied a tax under this section within its boundaries: PROVIDED, That if a county levies less than fifty cents per thousand dollars of the assessed value of property, then any other taxing district may levy a tax under this section equal to the difference between the rate of the levy by the county and fifty cents: PROVIDED FURTHER, That if a taxing district within a county levies this tax, and the voters of the county subsequently approve a levying of this tax, then the amount of the taxing district levy within the county shall be reduced, when the combined levies exceed fifty cents. Whenever a tax is levied countywide, the service shall, insofar as is feasible, be provided throughout the county: PROVIDED FURTHER, That no countywide levy proposal may be placed on the ballot without the approval of the legislative authority of each city exceeding fifty thousand population within the county: AND PROVIDED FURTHER, That this section and RCW 36.32.480 shall not prohibit any city or town from levying an annual excess levy to fund emergency medical services: AND PROVIDED, FURTHER, That if a county proposes to impose tax levies under this section, no other ballot proposition authorizing tax levies under this section by another taxing district in the county may be placed before the voters at the same election at which the county ballot proposition is placed: AND PROVIDED FURTHER, That any taxing district emergency medical service levy that is limited in duration and that is authorized subsequent to a county emergency medical service levy that is limited in duration, shall expire concurrently with the county emergency medical service levy.
(7) The limitations in RCW 84.52.043 shall not apply to the tax levy authorized in this section.
(8) If a ballot proposition approved under subsection (2) of this section did not impose the maximum allowable levy amount authorized for the taxing district under this section, any future increase up to the maximum allowable levy amount must be specifically authorized by the voters in accordance with subsection (2) of this section at a general or special election.
(9) The limitation in RCW 84.55.010 shall not apply to the first levy imposed pursuant to this section following the approval of such levy by the voters pursuant to subsection (2) of this section.
(10) For purposes of this section, the following definitions apply:
 (a) "Fire protection jurisdiction" means a fire protection district, city, town, Indian tribe, or port district; and
 (b) "Participating fire protection jurisdiction" means a fire protection district, city, town, Indian tribe, or port district that is represented on the governing board of a regional fire protection service authority.
[1] The purpose of this opinion is to assist you in your legislative capacity by providing our analysis of the applicable law so that you can determine whether further legislation on the topic may be desirable. Our purpose is not to resolve any particular dispute regarding a specific local tax levy. The county prosecutor would be the designated legal adviser of the county with respect to specific levies in a particular county. However, a number of cities throughout the state comprise territory divided between two or more counties, and your question could easily recur in any of them. The facts giving rise to your question are presented here only as an aid to explaining the applicable legal analysis.
[2] A copy of RCW 84.52.069 is attached for ease of reference.
The statute is phrased in terms of authority for "taxing districts" to levy the property tax and defines "taxing district" to mean "a county, emergency medical service district, city or town, public hospital district, urban emergency medical service district, regional fire protection service authority, or fire protection district." RCW 84.52.069(1). This opinion analyzes your question by reference to cities and counties, for the sake of simplicity and because only those governmental units are involved in the facts giving rise to your question. Our analysis would apply in the same way, however, to cities or to other types of taxing districts containing territory within more than one county.
[3] As noted in footnote 2, cities are a type of taxing district. RCW 84.52.069(1).
[4] Our construction of RCW 84.52.069(6) is based upon the statutory text, and we do not find it necessary to examine legislative history in order to understand its language. It is appropriate to note, however, the final bill report explaining the original 1979 legislation through which the statute was enacted might be read to support a contrary conclusion to the one we reach. The final bill report for that 1979 act explained: "No two entities which contain common territory may levy the tax." Final Legislative Report, 46th Leg., at 95 (Wash. 1979). That bill report described the original form of the statute, which simply prohibited any other taxing district from imposing an EMS levy if the county within which it was located already imposed one. Laws of 1979, 1st Ex. Sess, ch. 200, § 1(4). The legislature amended the statute in 1985, however, to add the current language allowing a city to impose the tax, so long as the combined city and county taxes do not exceed the statutory limit. Laws of 1985, ch. 348, § 1. The amendment, accordingly, changed the law as to EMS levies by cities, and it is difficult to attach much weight to the original bill report when construing the amended law.
[5] This conclusion is based upon our reading of RCW 84.52.069(6) as not addressing cities that are divided between two or more counties. The public policy question of whether, or how, statutory law should address levies by partially-overlapping jurisdictions for the same service is a matter devoted to the sound discretion of the legislature, limited only by the state constitution. Washington State Farm Bureau Fed'n v. Gregoire,162 Wn.2d 284, 289, 174 P.3d 1142 (2007) (noting the legislature's plenary authority to enact laws).